IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-710-FL

| | | |
|---|---|---|
| NINTH JUDICIAL CIRCUIT IN AND FOR OSCEOLA COUNTY, FLORIDA,<br><br>Plaintiff,<br><br>v.<br><br>ANNAMARIE DOROTHEA RIETHMILLER,<br><br>Defendant. | ) | **MEMORANDUM & RECOMMENDATION** |

This pro se case is before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Louise W. Flanagan, United States District Judge. For the reasons set forth below, it is recommended that Riethmiller's notice of removal be stricken and the matter be remanded to state court.

## DISCUSSION

Riethmiller seeks to remove an action instituted against her in a Florida state court.[1] (Notice of Removal [DE #1].) "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending*." 28

[1] As indicated in the deficiency order entered October 6, 2026, Riethmiller has not submitted copies of the state-court documents as required by 28 U.S.C. § 1446(a). (Deficiency Order [DE #6].) Based upon the information provided, it appears the action Riethmiller seeks to remove was instituted in Osceola County, Florida.

U.S.C. § 1441(a) (emphasis added). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The right to remove this action derives solely from § 1441, and the burden of demonstrating that removal is proper falls upon Riethmiller as the party seeking removal. *See id.*

Riethmiller has failed to meet this burden. As the action Riethmiller seeks to remove is in Florida, Riethmiller may not remove the action to this court. Any removal must be to the United States District Court for the district in Florida in which the state-court action is pending. If the state-court action is in Osceola County, Florida, any removal would be to the United States District Court for the Middle District of Florida, Orlando Division. Accordingly, Riethmiller's notice of removal should be stricken, and the action should be remanded to state court.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that Riethmiller's notice of removal [DE #1] be STRICKEN, the matter be REMANDED to the state court from which it was removed, and Riethmiller's motion for appointment of counsel [DE #3] be DENIED as moot.

It is DIRECTED that a copy of this Memorandum and Recommendation be served on Riethmiller, who is hereby advised as follows:

You shall have until **October 26, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the

Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. (May 2023).

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 7th day of October 2026.

Kimberly A. Swank

KIMBERLY A. SWANK
United States Magistrate Judge