IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CV-710-FL-KS

| | | |
|---|---|---|
| NINTH JUDICIAL CIRCUIT IN AND FOR OSCEOLA COUNTY FLORIDA,<br><br>Plaintiff,<br><br>v.<br><br>ANNAMARIE DOROTHEA RIETHMILLER,<br><br>Defendant. | ) | ORDER |

This matter is before the court on frivolity review under 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 636(b)(1), United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), recommending that defendant's notice of removal be stricken and this matter be remanded to state court. Defendant objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, in part, and remands this action to the Ninth Judicial Circuit Court of Florida for further proceedings.

**COURT'S DISCUSSION**

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). It does not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44,

47 (4th Cir. 1982).[1] Absent a specific and timely objection, the court reviews only for "clear error," and need not explain its reasoning for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

This matter seemingly arises from defendant's efforts to legally change her name in Florida state court. In the removal notice, she names the Ninth Judicial Circuit Court of Florida as the "de facto plaintiff." As the M&R correctly notes, a civil action brought in state court is properly removed "to the district court of the United States for the district and division embracing the place where such action is pending." (M&R (DE 8) at 1-2 (quoting 28 U.S.C. § 1441(a))). Here, the United States District Court for the Middle District of Florida is the district court embracing where defendant's state court action is purportedly pending.[2] Defendant does not object to the M&R's application of 28 U.S.C. § 1441(a). Rather, defendant merely argues that her case is not frivolous.

Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. The court hereby ADOPTS the recommendation of the magistrate judge as its own, in part, and this case is REMANDED to the Ninth Judicial Circuit Court of Florida for further proceedings. Defendant's motion to appoint counsel (DE 3) is DENIED as moot. The clerk is DIRECTED to transmit to the Ninth Judicial Circuit Court of

---

[1] In this order, internal citations are quotation marks are omitted from citations unless otherwise specified.

[2] As indicated October 6, 2026, deficiency order, defendant has not submitted copies of the state-court documents as required by 28 U.S.C. § 1446(a).

Florida a certified copy of this order of remand, and to file on this docket a notice of such transmittal.

SO ORDERED, this the 5th day of November, 2026.

LOUISE W. FLANAGAN
United States District Judge